# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

| | |
|---|---|
| **FRANK LAURIA**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**HOME DEPOT U.S.A., INC.**, a Delaware corporation,<br><br>Defendant. | CIVIL ACTION<br><br>Case No. 2:22-cv-699<br><br>Judge:<br><br>Mag. Judge: |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **FRANK LAURIA** ("**LAURIA**" or "Plaintiff") by and through undersigned counsel, and states the following for his Complaint:

### CAUSES OF ACTION

1. This is an action brought under the Family & Medical Leave Act (FMLA) for (1) interference in violation of the FMLA, (2) retaliation in violation of the FMLA.

### PARTIES

2. The Plaintiff, **FRANK LAURIA** ("**LAURIA**") is an individual and a resident of Florida who at all material times resided in Lee County, Florida. At all material times, **LAURIA** was employed by the Defendant as a customer experience manager. **LAURIA** performed work for the Defendant primarily in Lee

1

County, Florida, which is within the Middle District of Florida, during the events giving rise to this case. **LAURIA** was an employee within the contemplation of the FMLA. Venue for this action lies in the Middle District of Florida, Ft. Myers Division.

3. The Defendant, **HOME DEPOT U.S.A., INC.** ("**HD**" or Defendant) is a Delaware company. The Defendant employs in excess of 50 employees, and was **LAURIA**'s employer within the meaning of the FMLA.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this matter under 28 U.S.C. §1331.

5. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff resides in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Lee County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.04 since the action accrued primarily in Lee County, which is within the Fort Myers Division.

## GENERAL ALLEGATIONS

6. **LAURIA** began his employment with the Defendant on August 27, 2019.

7. **LAURIA** performed his assigned duties in a professional manner and was very well qualified for his position. In fact, he received complimentary performance reviews from the Defendant.

Case 2:22-cv-00699-JLB-KCD   Document 1   Filed 10/28/22   Page 3 of 8 PageID 3

8. On or about September 5, 2022, **LAURIA** suffered a workplace injury to his head, chest and shoulder, which he immediately reported and which had been observed by the Defendant's management.

9. **LAURIA** was then admitted to the hospital for 3-days for treatment for his head injury and cardiac complications that resulted from the workplace injury.

10. When **LAURIA** attempted to return to work on September 13, 2022, the Defendant terminated his employment.

11. Consequently, the Defendant discriminated against **LAURIA** by terminating his employment due to him exercising his right to take FMLA leave.

## COUNT I – VIOLATION OF THE FAMILY MEDICAL LEAVE ACT ("FMLA")- INTERFERENCE

12. The Plaintiff hereby incorporates by reference Paragraphs 1-11 in this Count by reference as though fully set forth below.

13. **LAURIA** qualified for FMLA leave under 29 U.S.C. § 2611(11); 29 CFR §§ 825.113(a); 825.800 since he himself began suffering from a serious health condition, had worked for more than 1,250 hours in the previous 12 months, the FMLA defining a serious health condition as an illness, injury, impairment, or physical or mental condition that involves treatment by a health care provider.

14. **LAURIA** informed the Defendant of his need for leave for his own serious health condition.

3

15. The Defendant was responsible for designating leave as FMLA-qualifying and for giving notice of the designation within five business days, absent extenuating circumstances, after it has enough information to make that determination, such as when it receives medical certification.

16. If the Defendant were to have decided that **LAURIA**'s absence was not FMLA-qualifying, it must have notified him of this fact in the Designation Notice under 29 CFR § 825.300(d)(1).

17. The Defendant has never provided **LAURIA** with any notice disqualifying his FMLA leave.

18. In fact, the Defendant should have determined that **LAURIA** was eligible for leave under the FMLA and yet refused to allow him leave and return him to work, thus terminating his employment because of his request for federally protected medical leave.

19. The Defendant knew, or should have known, that **LAURIA** was exercising his rights under the FMLA and was aware of **LAURIA**'s need for FMLA-protected absence.

20. **LAURIA** complied with all of the notice and due diligence requirements of the FMLA.

21. The Defendant was obligated, but failed, to allow **LAURIA** to take FMLA leave and to return **LAURIA**, an employee who requested FMLA leave, to his former position or an equivalent position with the same pay, benefits, and

working conditions when he tried to return to work under 29 U.S.C. § 2614(a)(1); 29 CFR § 825.215(a).

22. A causal connection exists between **LAURIA**'s request for FMLA-protected leave and his termination from employment with the Defendant because the Defendant denied **LAURIA** a benefit to which he was entitled under the FMLA.

23. As a result of the above-described violations of FMLA, **LAURIA** has been damaged by the Defendant in the nature of lost wages, salary, employment benefits and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and liquidated damages.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, an award of damages for lost wages and benefits, prejudgment interest, and liquidated damages under 29 U.S.C. § 2617(a)(1)(A), reinstatement or such other legal or equitable relief as may be appropriate, and an award of reasonable attorney's fees and costs as authorized under 29 U.S.C. § 2617(3), and any other such damages as this honorable Court deems just.

## COUNT II – VIOLATION OF THE FAMILY & MEDICAL LEAVE ACT ("FMLA")- RETALIATION

24. The Plaintiff hereby incorporates by reference Paragraphs 1-11 in this Count by reference as though fully set forth below.

5

25. **LAURIA** qualified for FMLA leave under 29 U.S.C. § 2611(11); 29 CFR §§ 825.113(a); 825.800 since he suffered from a serious health condition, the FMLA defining a serious health condition as an illness, injury, impairment, or physical or mental condition that involves treatment by a health care provider and **LAURIA** worked more than 1,250 hours in the preceding 12 months of employment with the Defendant.

26. **LAURIA** informed the Defendant of his need for leave due to his serious health conditions.

27. The Defendant was responsible for designating leave as FMLA-qualifying and for giving notice of the designation within five business days, absent extenuating circumstances, after it has enough information to make that determination, such as when it receives medical certification.

28. If the Defendant were to have decided that **LAURIA**'s expected absence was not FMLA-qualifying, it must have notified him of this fact in the Designation Notice under 29 CFR § 825.300(d)(1).

29. The Defendant has never provided **LAURIA** with any notice disqualifying his FMLA leave.

30. In fact, the Defendant determined that **LAURIA** was eligible for leave under the FMLA but then terminated his employment because of his request for federally protected medical leave and required reinstatement.

31. **LAURIA** engaged in activity protected by the **FMLA** when he requested leave due to his serious health conditions, consistently informing the Defendant of the same.

32. The Defendant knew that **LAURIA** was exercising his rights under the FMLA.

33. **LAURIA** complied with all of the notice and due diligence requirements of the FMLA.

34. A causal connection exists between **LAURIA**'s request for FMLA-protected leave and required reinstatement and the Defendant's termination of his employment.

35. The Defendant retaliated by altering the terms and conditions of **LAURIA**'s employment by terminating **LAURIA**'s employment because he engaged in the statutorily protected activity of requesting FMLA leave. The Defendant terminated him because he engaged in this statutorily protected activity.

36. The Defendant engaged in willful and intentional retaliation in violation of the FMLA by terminating **LAURIA**'s employment because he engaged in activity protected by the FMLA.

37. As a result of the above-described violations of FMLA, **LAURIA** has been damaged by the Defendant in the nature of lost wages, salary, employment

benefits and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and liquidated damages.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, an award of damages for lost wages and benefits, prejudgment interest, and liquidated damages under 29 U.S.C. § 2617(a)(1)(A), reinstatement or such other legal or equitable relief as may be appropriate, and an award of reasonable attorney's fees and costs as authorized under 29 U.S.C. § 2617(3), and any other such damages as this honorable Court deems just.

## DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **FRANK LAURIA**, by and through his undersigned attorneys, and demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

Respectfully submitted,

Dated: October 28, 2022   **/s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Trial Counsel for Plaintiff
YORMAK EMPLOYMENT & DISABILITY LAW
27200 Riverview Center Blvd., Suite 109
Bonita Springs, Florida 34134
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com